IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EDGAR TEJADA,** | : | |
| Petitioner | : | No. 1:25-cv-02477 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| **WARDEN – FCI LEWISBURG,** | : | |
| Respondent | : | |

## MEMORANDUM

Currently before the Court is a petition for a writ of habeas corpus under 28 U.S.C. § 2241 filed by pro se Petitioner Edgar Tejada ("Tejada"). For the reasons set forth below, the Court will dismiss the petition without prejudice due to Tejada's failure to exhaust.

## I.   BACKGROUND

On March 15, 2024, Tejada was sentenced to an aggregate period of seventy-two (72) months' federal incarceration to be followed by three (3) years' supervised release, after pleading guilty to possession with intent to distribute cocaine (21 U.S.C. §§ 841(a)(1), (b)(1)(C)) and possession of a firearm in furtherance of a drug trafficking crime (18 U.S.C. § 924(c)(1)(A)(i)) in the United States District Court for the Eastern District of New York ("EDNY"). See (Doc. No. 1 at 2); United States v. Tejada, No. 21-cr-00383 (E.D.N.Y. filed Oct. 20, 2021), ECF No. 198.[1] Tejada did not file a direct appeal from his sentence, and he has not collaterally attacked his judgment via a motion under 28 U.S.C. § 2255. According to the Federal Bureau of Prisons

---

[1] The Court takes judicial notice of the docket in Tejada's underlying criminal case. See Orabi v. Att'y Gen. of the U.S., 738 F.3d 535, 537 n.1 (3rd Cir. 2014) (stating that the court "may take judicial notice of the contents of another [c]ourt's docket"); Wilson v. McVey, 579 F. Supp. 2d 685, 688 n.5 (M.D. Pa. 2008) (taking judicial notice of court docket). The Court also notes that the EDNY issued an amended judgment in Tejada's case on May 28, 2024; however, Tejada's aggregate sentence of confinement remained the same. See United States v. Tejada, No. 21-cr-00383 (E.D.N.Y. filed May 28, 2024), ECF No. 236.

("BOP")'s Inmate Locator (https://www.bop.gov/mobile/find_inmate/), Tejada has a projected release date of November 29, 2026.

Tejada is currently incarcerated at FCI Lewisburg, and he filed the instant Section 2241 habeas petition on December 13, 2025.[2] He argues that the BOP has not conducted an individualized assessment of his pre-release custody placement as required by the Second Chance Act, 18 U.S.C. § 3624(c) ("SCA").[3] (Id. at 2–3.) For relief, he "seeks [a] lawful, individualized consideration for prerelease custody as required by [the SCA]." See (id. at 5).

## II.   LEGAL STANDARDS

### A.   Screening of Habeas Petitions

District courts are obligated to screen habeas petitions pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. See R. 4, 28 U.S.C. foll. § 2254 ("The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the court must promptly examine it."). Rule 4 may be applied in habeas cases brought under Section 2241. See R. 1(b), 28 U.S.C. foll. § 2254 ("The district court may apply

---

[2] The federal "prisoner mailbox rule" provides that a pro se prisoner's submission is deemed filed "at the time [the prisoner] delivered it to the prison authorities for forwarding to the court clerk." See Houston v. Lack, 487 U.S. 266, 276 (1988). Here, Tejada included a declaration with his petition in which he asserts that he delivered the petition to prison authorities for mailing to the Clerk of Court on December 13, 2025. See (Doc. No. 1 at 7). As such, the Court uses December 13, 2025, as the petition's filing date even though the Clerk of Court did not docket it until December 19, 2025.

[3] The SCA states in pertinent part as follows:

> The [BOP] shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

See 18 U.S.C. § 3624(c).

2

any or all of these rules to a habeas corpus petition not covered by Rule 1(a)).").  "[A] district court is authorized to dismiss a [habeas] petition summarily when it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  Lonchar v. Thomas, 517 U.S. 314, 320 (1996); see also McFarland v. Scott, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face.").

      **B.**      **Section 2241 Habeas Petitions**

Section 2241 confers federal jurisdiction over a habeas petition that has been filed by a federal inmate challenging "not the validity but the execution of [their] sentence."  See Cardona v. Bledsoe, 681 F.3d 533, 535 (3d Cir. 2012) (citations and footnote omitted); Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005) (stating that Section 2241 "allows a federal prisoner to challenge the 'execution' of his sentence in habeas").  While "the precise meaning of 'execution of the sentence' is hazy[,]" the phrase has been interpreted as to "put into effect" or "carry out."  See Woodall, 432 F.3d at 242, 243 (citation omitted).  As a result, a federal inmate may challenge conduct undertaken by the BOP that affects the duration of the inmate's custody.  See, e.g., Barden v. Keohane, 921 F.2d 476, 478–79 (3d Cir. 1990) (finding that a federal inmate's Section 2241 petition is actionable where the inmate attacks the term of their custody by challenging the way the BOP is computing their federal sentence).

      **C.**      **Exhaustion of Administrative Remedies Under Section 2241**

Although Section 2241 does not contain an explicit statutory exhaustion requirement, the Third Circuit Court of Appeals has consistently required a federal inmate to exhaust their administrative remedies before filing a Section 2241 petition.  See Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996) ("Federal prisoners are ordinarily required to exhaust

their administrative remedies before petitioning for a writ of habeas corpus pursuant to § 2241." (citations omitted)). Exhaustion is required "for three reasons: (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." See id. at 761–62 (citations omitted)). Exhaustion is not required when it would not promote these goals. See Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981) ("The exhaustion doctrine will not be applied . . . when none of the basic goals (of the doctrine) would be served." (citation and internal quotation marks omitted)). "For example, exhaustion may be excused where it 'would be futile, if the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or if the administrative procedure is clearly shown to be inadequate to prevent irreparable harm.'" Brown v. Warden Canaan USP, 763 F. App'x 296, 297 (3d Cir. 2019) (unpublished) (quoting Lyons v. U.S. Marshals, 840 F.2d 202, 205 (3d Cir. 1988)).

### D. The Federal Bureau of Prisons' Administrative Remedy Program[4]

The Federal Bureau of Prisons ("BOP") has a multi-step administrative remedy program allowing an inmate "to seek formal review of an issue relating to any aspect of [their] confinement." See 28 C.F.R. § 542.10(a). First, an inmate should attempt informal resolution of the issue with the appropriate staff member. See id. § 542.13(b). If informal resolution is unsuccessful, the inmate may submit a formal written grievance, using the BP-9 form, to the warden within twenty (20) calendar days "following the date on which the basis for the Request

---

[4] The Court takes judicial notice of the BOP's Administrative Remedy Program, which is available on the BOP's website at https://www.bop.gov/policy/progstat/1330_018.pdf. See, e.g., Baptiste v. Morris, No. 18-cv-01484, 2020 WL 2745739, at *2 n.5 (M.D. Pa. May 27, 2020) (taking judicial notice of BOP's Administrative Remedy Program).

occurred." See id. § 542.14(a).  The warden is to respond to the request within twenty (20) calendar days.  See id. § 542.18.  An inmate dissatisfied with the warden's response may appeal, using the BP-10 form, "to the appropriate Regional Director within 20 calendar days of the date the warden signed the response."  See id. § 542.15(a).  Finally, an inmate may appeal from the Regional Director's response, using the BP-11 form, to the BOP's General Counsel "within 30 calendar days of the date the Regional Director signed the response."  See id.  The General Counsel's response to this appeal is due within twenty (20) calendar days; however, the time for a response may be extended by twenty (20) days.  See id. § 542.18.

### III.  DISCUSSION

The Court has screened Tejada's Section 2241 habeas petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.  Based on this review, the Court will dismiss the petition without prejudice because it plainly appears that Tejada is not entitled to relief at this time insofar as he failed to exhaust his administrative remedies prior to filing his petition.

Tejada concedes that he failed to exhaust his administrative remedies with the BOP but argues that the Court should excuse this failure because exhaustion is futile, unavailable, and incapable of providing him with timely relief.  See (Doc. No. 1 at 3–5).  He asserts that "the BOP administrative remedy process would take approximately five to six months to complete even absent extensions," and he points out that he "is already within the critical prerelease custody consideration window based on [his] November 29, 2026 release date."  See (id. at 4).  The Court is unpersuaded by Tejada's arguments.

To the extent that Tejada argues that his request is time-sensitive because he is already within the period that the BOP could determine his prerelease custody placement, his argument

5

does not provide a basis to excuse exhaustion. See, e.g., Rodriquez v. Sage, No. 22-cv-02053, 2023 WL 2309781, at *2 (M.D. Pa. Mar. 1, 2023) (explaining that "district courts within the Third Circuit have repeatedly rejected the argument that an inmate can be excused from the exhaustion requirement simply because [their] projected release date is approaching, and [they] may not complete [their] administrative appeal before the release date" (collecting cases)). Additionally, the Court is unaware of any decision from the Third Circuit Court of Appeals holding that a federal prisoner may be excused from the exhaustion requirement on that ground. As such, the fact that Tejada's sentence currently falls within the twelve (12)-month period that the BOP could place him in pretrial release is not a basis to excuse exhaustion.[5]

In addition, Tejada's other contentions about exhaustion being futile, unavailable, or incapable of providing him relief, are mere conclusions without factual support. It is entirely possible that Tejada could submit an administrative remedy with the BOP which results in the completion of the individualized assessment he asserts has not occurred yet. Overall, Tejada should have pursued his SCA claim through final review with the General Counsel, and he has failed to do so. He has also not set forth any facts or advanced any plausible argument that would permit this Court to find that exhaustion of administrative remedies would subject him to

---

[5] The Court notes that the SCA does not entitle a federal inmate to any guaranteed placement in prerelease custody. See Woodall, 432 F.3d at 244-51 (holding, in exercising its discretion to make halfway house placement decisions, the Bureau must consider the factors set forth in § 3621(b); "[h]owever, that the [Bureau] may assign a prisoner to a halfway house does not mean that it must."); Martinez v. Warden, FCI Lewisburg, No. 25-cv-02243, 2025 WL 3499050, at *2 (M.D. Pa. Dec. 5, 2025) ("Under 18 U.S.C. § 3624(c), the BOP is authorized to place an inmate in a community correctional facility for up to twelve months. However, a prisoner is neither entitled to nor guaranteed such placement for any amount of time." (citations omitted)); see also Beckley v. Miner, 125 F. App'x 385, 389 (3d Cir. 2005) (nonprecedential) (holding that "[i]t is well settled, and the parties agree, that the Bureau has nearly exclusive jurisdiction to classify and transfer prisoners."). Moreover, a district court lacks "the authority to review any BOP decision denying [a federal inmate's] request to be placed in home confinement under the Second Chance Act." See Martinez, 2025 WL 3499050, at *2.

irreparable injury, and he has not demonstrated any grounds to circumvent the prudential exhaustion requirement for Section 2241 petitions. Accordingly, the Court will dismiss Tejada's Section 2241 habeas petition without prejudice to him refiling it once he fully exhausts his administrative remedies.

## IV.   CONCLUSION

For the reasons discussed above, the Court will dismiss Tejada's Section 2241 habeas petition without prejudice for failure to exhaust administrative remedies and direct the Clerk of Court to close this case. An appropriate Order follows.

s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania
